IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD BAILEY
ADC #138019                                                                                         PETITIONER

CASE NO. CASE NO. 5:17-CV-8-BSM-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                       RESPONDENT

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

II.  **Background**

On November 10, 2005, the Hot Spring County Circuit Court sentenced petitioner Ronald Bailey to 36 months' probation for being a felon in possession of a firearm. (Docket entry #9-2) Mr. Bailey soon violated the terms of his probation.

On October 11, 2006, the Hot Spring County Circuit Court revoked Mr. Bailey's probation and sentenced him to 60 months' imprisonment in the Arkansas Department of

1

Correction ("ADC"). (#9-3) It appears that Mr. Bailey is still serving this sentence because he repeatedly absconded, for substantial periods of time, while released on supervision. (#9-4, pp. 2-6)

Mr. Bailey filed the instant petition claiming that his conviction for being a felon in possession of a firearm is invalid because he was not actually a felon. (#2) Mr. Bailey has not adequately explained how his 1984 felony conviction for sexual abuse in the first degree fails to qualify as a felony. (#9-5) Regardless, Mr. Bailey's petition is barred because he failed to file this action within the applicable limitations period. For this reason, the Court will recommend that Judge Miller DISMISS Mr. Bailey's petition, with prejudice.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When a petitioner has used the state appeal process, but has not sought direct review in the United States Supreme Court, the judgment is generally deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666

F.3d 1132, 1135 (8th Cir. 2012) (citations omitted).  In cases such as this, where the petitioner entered a guilty plea and did not file a direct state appeal, the judgment becomes final thirty days from the entry of the judgment, when the time to file a direct appeal expires.  *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015).

The Hot Spring County Circuit Court entered Mr. Bailey's judgment and commitment order on November 10, 2005. (#9-2) Because Mr. Bailey did not file a direct appeal, the one-year limitations period began to run no later than December 11, 2005, the day after his time to file a direct appeal expired. Mr. Bailey waited to file the pending petition until January 9, 2017 – more than ten years after his conviction became final. Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

A.    *Statutory Tolling*

The time during which a properly filed application for post-conviction relief or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2).  In this case, Mr. Bailey did not file State post-conviction or collateral review petitions that would toll the limitations period.

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court or the date a factual predicate of a claim could have been discovered. 28 U.S.C. § 2244(d)(1)(C)-(D). Those exceptions, however, do not aid Mr. Bailey's cause as he does not raise a plausible

3

basis for either. Mr. Bailey has failed to identify a factual predicate for his claims that was not discoverable long before he entered a guilty plea. (#2)

Further, Mr. Bailey has not identified any constitutional right initially recognized by the Supreme Court within the last five years that is even arguably relevant to his claim. Based on the record, Mr. Bailey is not entitled to statutory tolling. Accordingly, his petition is barred unless it can be saved by equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has pursued his rights diligently but some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace*, 544 U.S. at 418). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

The record shows that Mr. Bailey did not pursue his rights diligently.  Mr. Bailey claims he was not a felon in 2005, when he entered a guilty plea to the felon-in-possession-of-a-firearm charge.  The record does not reveal any evidence that Mr. Bailey attempted to contest his 2005 conviction until 2017.  Accordingly, Mr. Bailey is not entitled to equitable tolling.

C.  *Actual Innocence*

There is one other exception to the one-year limitations period for filing a habeas corpus petition—actual innocence. The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of *new* evidence, no reasonable jury would have found guilt beyond a reasonable doubt. *Id*. (citations omitted). Even under *McQuiggin*, however, diligence and the timing of a petition are considered in determining whether the petitioner has made a convincing showing of actual innocence. *Id*. at 1936.

Mr. Bailey has argued a plausible basis for an actual-innocence claim. He alleges that his sexual abuse felony was reduced to a misdemeanor in 1990, so he was not a felon at the time of his conviction for being a felon in possession on a firearm. (#14) The insurmountable problem with that assertion, however, is that Mr. Bailey has not provided any evidence to support it. To the contrary, the record shows that Mr. Bailey was, in fact, a felon when he entered his guilty plea. Furthermore, his lack of diligence weighs against him.

IV. **<u>Certificate of Appealability</u>**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the

United States District Court. The Court can issue a certificate of appealability only if Mr. Bailey has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Bailey has not provided any basis for issuing a certificate of appealability.

**V.     Conclusion**

Mr. Bailey's petition is time-barred. For that reason, the Court recommends that his petition for writ of habeas corpus be DENIED and DISMISSED, with prejudice. And because there is no substantial showing that Mr. Bailey was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 25th day of May, 2017.

UNITED STATES MAGISTRATE JUDGE